Rosa **BECERRA**, Individually and as Next Friend of Juan Doe, a Minor, Plaintiff,

v.

Jerry **ASHER**, Houston Independent School District, by and through its Board of Trustees, Joan Raymond, Sylvia Macy, and Barbara Turner, Defendants.

Civil Action No. H–94–4222.

United States District Court, S.D. Texas, Houston Division.

Feb. 13, 1996.

Order on motion to Supplement Response Apr. 4, 1996.

Benjamin L. Hall, III, O'Quinn, Kerensky & McAninch, Houston, TX, for plaintiff.

Lisa Ann Brown, Bracewell & Patterson, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is Defendants Joan Raymond, Sylvia Macy, and Barbara Turner's Motion for Summary Judgment (Document No. 44), Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 84), and Plaintiff's Motion for Partial Summary Judgment (Document No. 92). Having carefully considered the arguments, authorities, and summary judgment evidence submitted by counsel, the Court is of the opinion that Defendants Raymond, Macy, and Turner's Motion should be GRANTED in part, that Defendant Houston Independent School District's Motion should be GRANTED, and that Plaintiff's Motion should be DENIED as Moot.

### I. Background

Plaintiff Rosa Becerra, individually and on behalf of her minor son, Juan Doe, brings this action against Defendants asserting claims under 42 U.S.C. § 1983 and Texas state law. The uncontroverted summary judgment evidence reveals the following:

Defendant Jerry Asher was employed as an elementary school music teacher in the Houston Independent School District ("HISD") from 1975 until December 5, 1992. In 1987, while a music teacher at Frost Elementary School, Asher was charged with the crime of indecency with a child arising out of his alleged inappropriate touching of a young male student at the school. Asher was ac-

quitted of the charge by a jury in January, 1988. After the acquittal, Asher, who had been suspended with pay by then-HISD Superintendent Defendant Joan Raymond, resumed teaching music for HISD, this time at Patterson Elementary School.

During Asher's tenure at Patterson Elementary, the school's principal, Defendant Barbara Turner, heard that Asher planned to give private music lessons in his classroom, that he had questioned students about personal matters, and that he had asked a student to roll up his pant so that Asher could examine his leg for signs of physical abuse. Ms. Turner told Asher not to engage in such activities and had the school nurse examine the boy whose leg Asher had examined. Asher informed Turner that he had a mission from God to help abused children and that if he had not helped the boy whose leg he had examined, the boy would still be "raped orally and anally." Asher also disrupted a faculty meeting and tried to initiate a group prayer in an attempt to quell rumors about the prior indecency charge. Ms. Turner reprimanded Asher for this behavior and recommended that he receive a medical evaluation. No such evaluation took place. In July, 1990, Defendant Sylvia Macy, an area superintendent with HISD, authorized the transfer of Asher to J.R. Harris Elementary School. Both Macy and Turner informed the principal of Harris Elementary about the "pant leg" incident.

Juan Doe ("Juan") attended Harris Elementary during the 1990–91 and 1991–92 school years, where he attended a twice-a-week music class taught by Asher and another teacher. Asher cultivated a friendship with Juan and his brother Maruo, which continued after Juan withdrew from Harris on March 9, 1992, and was no longer Asher's student. With the permission of Juan's mother, Plaintiff Rosa Becerra, Asher spent considerable time with Juan and Maruo, including home music lessons, church activities, and trips to the zoo, the Astroworld theme park, and the Sea World theme park in San Antonio, Texas. Plaintiff Becerra was sometimes present for such activities and sometimes was not. Asher also provided gifts and financial assistance to the family.

On August 29, 1992, and on September 12, 1992, Asher, with Plaintiff's permission, was alone with Juan and Maruo at Plaintiff's home. Asher was to take the boys to Astroworld and to a dog show on those respective Saturdays. Before leaving on these outings, however, Asher sexually molested Juan. Juan's grandmother witnessed the September 12, 1992, incident and informed Plaintiff. Asher thereafter wrote Plaintiff an incriminating note in which he pleaded with her not to press charges. Plaintiff reported Asher to the authorities and Asher was subsequently charged with indecency with a child in the 228th District Court of Harris County, Texas. Asher was temporarily reassigned to a non-teaching position by then-HISD Superintendent Frank Petruzielo until he voluntarily resigned his employment on December 5, 1992. Asher pled guilty to the indecency charge and·the state court sentenced him to 50 years in state prison, where he currently resides.

Plaintiff's suit charges that Defendants violated Juan's substantive due process right to bodily integrity and that HISD violated Juan's right to the equal protection of the laws by maintaining a policy of transferring "troubled teachers," including Asher, to schools predominately populated with minority students like Juan, who is Hispanic. Plaintiff also asserts state law negligence and intentional infliction of emotional distress claims against Defendants Joan Raymond, Sylvia Macy, and Barbara Turner ("the individual HISD Defendants"). HISD and the individual HISD Defendants have filed separate motions for summary judgment.[1] Additionally, Plaintiff has moved for partial summary judgment on the issue of whether HISD had a program to train its personnel in recognizing and dealing with sexual abuse of schoolchildren.

## II. *Discussion*

### A. *The Summary Judgment Standard*

■ Rule 56(c) provides that "[summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for the motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Id.* at 323–27, 106 S.Ct. at 2553–54. A party opposing a properly-supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992). The nonmovant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Krim*, 989 F.2d at 1442.

■ In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson*, 477 U.S. at 253–57, 106 S.Ct. at 2513–14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmov-

1. Defendant Asher, the perpetrator of the despicable criminal conduct against Juan, represents himself in this case and is not a movant in the pending motions of HISD and the individual HISD Defendants.

ant, summary judgment is proper. *Kelley v. Price Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 656 (1994), *citing Matsushita*, 475 U.S. at 576, 106 S.Ct. at 1351. On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id., citing Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

■ Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. *Accord, Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir.1989); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2728 (1983).

## B. *The Individual HISD Defendants' Motion*

■ An individual may bring suit against any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," has deprived that individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The Fifth Circuit has held that sexual abuse of a schoolchild by a teacher acting under color of state law violates the child's Fourteenth Amendment liberty interest in being free from state-occasioned damage to his bodily integrity. *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 450–52 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). Plaintiff alleges that Defendant Asher violated this right of Juan's and that the individual HISD Defendants' are also liable because, knowing the risk that Asher posed to minor schoolchildren, the individual HISD Defendants, through various acts of misfeasance or nonfeasance, allowed Asher to become Juan's music teacher, thereby demonstrating deliberate indifference to Juan's constitutional

rights, which deliberate indifference was the moving force behind Asher's unlawful actions. The individual HISD Defendants assert, in part, that summary judgment in their favor should be granted as to this claim because Plaintiff cannot establish that the sexual assaults on Juan occurred as a result of state action or under color of state law and, therefore, that Plaintiff has failed to defeat the individual HISD Defendants' defense of qualified immunity.[2]

■ Under the qualified immunity doctrine, public officials serving in a discretionary capacity are shielded from liability under § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Once a defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to rebut it. *Whatley v. Philo*, 817 F.2d 19, 20 (5th Cir.1987).

■ Initially, a Court is to examine the plaintiff's pleadings to determine if the plaintiff has alleged a constitutional violation at all. *See Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042–43 n. 6, 97 L.Ed.2d 523 (1987); *Wicks v. Mississippi State Emp. Services*, 41 F.3d 991, 995 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). While the HISD Defendants moved to stay all discovery in this case, the Honorable Frances H. Stacy, United States Magistrate Judge, permitted discovery to proceed on the issue of qualified immunity. (Document No. 56). *See Lion Boulos v. Wilson*, 834 F.2d 504, 510 (5th Cir.1987) ("The district court properly chose not to rely solely on Boulos's version of the facts, but, instead, to obtain a

---

**2.** When a § 1983 action is brought against a state official, the statutory requirement of action "under color of state law" and the "state action" requirement of the Fourteenth Amendment are

identical. *Doe v. Rains Independent School Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). The terms are used interchangeably throughout this Order.

clearer picture of what occurred at the inspections by the use of limited discovery.").

Plaintiff's Third Amended Complaint does appear to allege state action sufficient to establish a violation of Juan's constitutional rights. Specifically, the Complaint alleges that Asher fondled Juan's genitals through his clothes in a classroom while Juan was one of Asher's students. However, "[e]ven if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue of material fact as to whether the defendant in fact committed those acts." *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815. *See also Johnson v. Jones,* —— U.S. ——, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).

In support of her claim that Asher sexually molested Juan at school and while Juan's teacher, Plaintiff submits the unanswered requests for admission sent to Asher. Although Fed.R.Civ.P. 36(a) provides that matters set forth in a request for admission will be considered admitted if not timely answered, such deemed admissions are binding only on the non-responding party, not on co-parties. *See Riberglass, Inc. v. Techni-Glass Industries, Inc.,* 811 F.2d 565 (11th Cir.1987); *In re Leonetti,* 28 B.R. 1003, 1009 (E.D.Pa.1983), *aff'd, Earl Realty, Inc. v. Leonetti,* 725 F.2d 667 (3d Cir.1983). *See also* 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2264 at 571–72 (1994) ("It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent."), and *id.* at 580 ("Nor do the admissions of a party bind a coparty."). Accordingly, the deemed admissions of Asher, who is in prison and not represented by counsel, are not competent evidence with regard to the individual HISD Defendants' Motion for Summary Judgment.[3]

Plaintiff also submits the affidavit of Juan's psychiatrist, Dr. Richard B. Pesikoff, for the proposition that the "sexual entanglement" of Juan began during class sessions. The affidavit, however, states that Asher gave special attention to Juan in class, not that Asher molested, abused, or inappropriately touched Juan in class or while Juan was Asher's student. In any event, Pesikoff's statements as to what Juan told him are hearsay.

Accordingly, the only summary judgment evidence of sexual abuse suffered by Juan at the hands of Asher is contained in the transcript of testimony given by Juan, his mother, and by Asher himself, in the sentencing phase of Asher's state criminal trial. None of that testimony described any misconduct by Asher except for his criminal acts against Juan in Juan's home on two days in August and September, 1992, five to six months *after* Juan had transferred to another school and had thereby ceased to be a pupil in the class taught by Asher. The Fifth Circuit has held that a sexual assault on a minor student by a public schoolteacher is conduct under color of state law "if a 'real nexus' exists between the activity out of which the violation occurs and the teacher's duties and obligations as a teacher." *Doe,* 15 F.3d at 452 n. 4. The molestation of Juan in August and September of 1992 occurred a number of months after Juan was no longer Asher's student or a student at Asher's school. Further, there is no summary judgment evidence that Asher's visits to Plaintiff's home on August 29, 1992, or on September 12, 1992, or on any other date, were made pursuant to his duties as an HISD teacher or at the direction of HISD or any of the individual HISD Defendants. To the contrary, the uncontroverted summary judgment evidence is that Asher visited Plaintiff's home and family on his own volition, with the permission of Juan's mother, and pursuant to

---

**3.** Moreover, even if the deemed admissions were admissible against the individual HISD Defendants, Asher does *not* admit that he sexually molested Juan while he was Juan's teacher or that he molested Juan at school. Rather, the admissions broadly state that Asher had various sexual contacts with Juan "some time between

1987 and 1992," and "while a teacher at HISD." The uncontroverted summary judgment evidence is that Asher was a teacher at HISD until December 5, 1992, but that he ceased being Juan's teacher at least as of March 9, 1992, when Juan withdrew from Harris Elementary.

the personal relationship that he had developed with the family.

As such, this case is not like *Doe*, where the sexual molestation victim was a student of the charged teacher "before, during, and after their sexual liaison," *id.* at 462 (Higginbotham, J. concurring). Instead, this case is more nearly analogous to *D.T. by M.T. v. Independent School Dist. No. 16*, 894 F.2d 1176 (10th Cir.), *cert. denied*, 498 U.S. 879, 111 S.Ct. 213, 112 L.Ed.2d 172 (1990), where the teacher was alleged to have sexually molested three boys, who had been students of his, while on a summer trip to sell candy to raise money for a basketball camp. *See Doe*, 15 F.3d at 452 n. 4 ("[T]he nexus that was missing in *D.T.* was clearly present in this case."). Despite the fact that school district officials were alleged to have had knowledge of prior misconduct with minors by the teacher, the *D.T.* Court held that because the molestations took place during summer vacation while the teacher and the boys were participating in a voluntary, non-school-sponsored activity, the teacher's wrongful acts were not committed under color of state law and the acts were "too remote a consequence" of the school district's policies to hold the district liable under the federal civil rights laws. 894 F.2d at 1189. The acts in question, held the Court, "were the product of a private individual acting in his private capacity in connection with a private activity that the plaintiffs voluntarily and freely participated in as private individuals." *Id.* at 1186. The uncontroverted summary judgment evidence demonstrates that the same is true in this case.[4] *See also Martinez v. State of California*, 444 U.S. 277, 284–85, 100 S.Ct. 553, 558–59, 62 L.Ed.2d 481 (1980) (parole board not liable under § 1983 for releasing prisoner who killed plaintiff because "[a]lthough the decision to release Thomas from prison was action by the State,

the action of Thomas five months later cannot be fairly characterized as state action.").

The mere fact that Asher was a teacher employed by HISD at the time of the sexual assaults is insufficient to show state action. The acts of state officers in the ambit of their personal pursuits are not acts under color of state law. *See Screws v. U.S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). *See also Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir.1981) (assault by on-duty police chief at police station not action under color of state law where assault arose out of personal dispute and chief did not exercise or threaten to exercise authority as police officer).

■ Plaintiff's Third Amended Complaint also appears to assert a "state-created danger" theory of liability. While this theory has never been recognized by the Fifth Circuit as a valid basis for liability under § 1983, *see Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 530 (5th Cir.1994), the Fifth Circuit has noted that the "key" to the theory "lies in the state actors' culpable knowledge and conduct in 'affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid.'" *Johnson v. Dallas Independent School Dist.*, 38 F.3d 198, 201 (5th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995), *quoting Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030, 1035 (11th Cir.1987). In this case, the individual HISD Defendants did not place Asher in Plaintiff's home in August and September of 1992, nor did they strip Juan or his mother of the ability to defend Juan, or cut off sources of private aid. While Juan may have been defenseless with regard to Asher's reprehensible criminal acts, this was a result of Juan's minority and Asher's exploitation both of

4. Indeed, the links between state action and the molestations at issue are even more tenuous in this case. In *D.T.*, the relevant acts occurred a month or so after the teacher/student relationships had ended by virtue of the summer break. *Id.* at 1178, 1182–84. In this case, the relevant acts occurred five to six months after the teacher/student relationship had ended by virtue of Juan's withdrawal from the school. In *D.T.*, while the basketball camp was not school-spon-

sored or organized, certain other promotional and fund-raising activities regarding the camp were approved by the school district and conducted on district property, as was the camp itself. *Id.* at 1182–84. In this case, no showing has been made that HISD or the individual HISD Defendants knew of or approved of activities even remotely related to Asher's non-school activities with Juan.

Juan and of Juan's mother regarding the child's supervision, and was not the result of any affirmative acts of the individual HISD Defendants.[5]

Accordingly, as Plaintiff has failed to raise so much as a fact issue that Juan suffered a constitutional deprivation under color of state law, the individual HISD Defendants are entitled to qualified immunity and summary judgment as to Plaintiff's federal claims. *See Correa v. Fischer,* 982 F.2d 931, 933, 936 (5th Cir.1993) ("As we hold that there is no evidence that Fischer's dismissal of the plaintiffs was politically motivated, the district court's grant of Fischer's motion for summary judgment [on the basis of qualified immunity] is affirmed."); *Geter v. Fortenberry,* 849 F.2d 1550, 1554 (5th Cir.1988) ("Because appellee could not establish a fact issue concerning a violation of his rights, appellants' assertion of immunity from suit should have been honored by the trial court.").

▮ Plaintiff also asserts state law causes of action pendent to her federal law claims against the individual HISD Defendants. Having concluded that the HISD Defendant's Motion for Summary Judgment should be granted as to all claims against said Defendants over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c). These matters are more properly dealt with in the state courts of Texas. *See Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

## C. *HISD's Motion*

▮ HISD also moves for summary judgment on the ground that Plaintiff cannot

demonstrate that Juan suffered a constitutional violation because Asher was not acting under color of state law when he molested Juan. A § 1983 claim against a government entity requires an examination of whether the plaintiff's harm was caused by a constitutional violation and, if so, whether the entity may be held legally responsible. *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 120, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992). Having failed to raise a genuine issue of material fact that Juan suffered a constitutional deprivation under color of state law, as held above, Plaintiff clearly fails the first part of the *Collins* test.

Plaintiff protests, however, that discovery has been limited in this case to issues of qualified immunity—a defense which HISD cannot assert. Accordingly, Plaintiff moved to continue the Court's consideration of HISD's summary judgment motion. The Court previously denied this motion and is not persuaded that the ruling should be reconsidered. If Plaintiff cannot demonstrate that Juan suffered a constitutional violation under color of state law, no amount of *further* discovery into HISD's policies, practices, and alleged knowledge of Asher's behavior with schoolchildren, as requested by Plaintiff's counsel, will suffice to raise a genuine issue of material fact precluding summary judgment.[6]

HISD also moves for summary judgment on Plaintiff's equal protection claim, asserting that Plaintiff has failed to raise a fact question as to whether HISD intentionally discriminated against Juan because of his race by transferring Asher and other "troubled teachers" to predominantly-minority schools. Indeed, Plaintiff has presented no evidence of intentional race discrimination by

---

5. Moreover, even if the individual HISD Defendants could be held to have violated Juan's constitutional rights under a state-created danger theory of § 1983 liability, the individual HISD Defendants would still be entitled to qualified immunity because they would not have violated Juan's *clearly-established* rights. *See Mitchell,* 472 U.S. at 523, 105 S.Ct. at 2814. As *Leffall* and *Johnson* make clear, the state-created danger theory is not clearly established in this Circuit or under Supreme Court case law. *See*

*Ebanks v. Stadler,* 1995 WL 769726 at *3–4 (E.D.La. Dec. 27, 1995) (defendants entitled to qualified immunity because state-created danger theory not recognized in Fifth Circuit).

6. Plaintiff's failure to demonstrate that Juan suffered a constitutional deprivation under color of state law likewise moots Plaintiff's Motion for Partial Summary Judgment regarding whether HISD had a sexual abuse training program for its personnel.

HISD in its transfer decisions, *see Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977) (equal protection violation requires intentional or purposeful discrimination), and Plaintiff did not assert a need for further discovery on the issue in her Motion for Continuance and affidavit. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993) ("To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact.").

▮▮▮▮▮ Plaintiff has submitted evidence of the racial makeup by 1991 of the student bodies of the schools to which Asher was transferred over the course of his HISD career. Even if the submitted numbers were sufficient to show that minority students were disparately impacted by HISD's transfer decisions regarding Asher, there is still no summary judgment evidence that HISD transferred Asher with the *intent* to disadvantage minority students. *See Arlington Heights*, 429 U.S. at 264–65, 97 S.Ct. at 563 ("[O]fficial action will not be held unconstitutional solely because it results in a racially disproportionate impact.").[7] In any event, even if Plaintiff could raise a fact issue as to intentional race discrimination by HISD in its teacher transfer decisions, under the authority of *Martinez*, 444 U.S. at 286, 100 S.Ct. at 559, and *D.T.*, 894 F.2d at 1189, the sexual assaults on Juan five to six months after Juan withdrew from Harris Elementary

were "too remote a consequence" of HISD's transfer policies to hold the district liable under § 1983. Accordingly, as a matter of law, HISD is entitled to summary judgment in its favor.[8]

## III. *ORDER*

For the foregoing reasons, it is

ORDERED that Defendants Joan Raymond, Sylvia Macy, and Barbara Turner's Motion for Summary Judgment (Document No. 44) is GRANTED as to Plaintiff's claims against Defendants Raymond, Macy, and Turner under 42 U.S.C. § 1983. These claims are DISMISSED on the merits. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims of negligence and intentional infliction of emotional distress against Defendants Raymond, Macy, and Turner. Accordingly, the state law claims are DISMISSED without prejudice to Plaintiff's refiling the claims in the appropriate state court. Plaintiff should take note that the period of limitations for the dismissed state claims is tolled for an additional period of thirty (30) days after the date of this Order of Dismissal unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d). It is

FURTHER ORDERED that Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 84) is GRANTED. Plaintiff's claims against Defendant Houston Independent School District are DISMISSED on the merits. Plaintiff's Motion for Partial Summary Judgment (Document No. 92) ·is DENIED as Moot.

---

**7.** Whether the numbers suggest disparate impact is quite questionable. The uncontroverted summary judgment evidence is that the student population of HISD in 1991 was only 13.6% white. Nonetheless, despite Plaintiff's claim that Asher was known at his first school to be of bad character and to have acted peculiarly with schoolchildren, Asher was transferred in 1980 from the 1% white school to one with an 8% white student body. Asher's next transfer was to a school with less than a 1% white student enrollment, which is where he taught when he was criminally charged in 1987. After Asher's 1987 criminal trial and acquittal for indecency with a child,

Asher was then transferred to a school with a 25% white student body.

**8.** It is not clear whether Plaintiff's Complaint is also directed at Defendants Raymond, Macy, and Turner in their official capacities. If it is, however, then summary judgment in favor of these Defendants in their official capacities is warranted as well. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

**1548**

## ORDER

### On Motion to Supplement Response

*April 4, 1996.*

Pending is Plaintiff's Motion to Supplement Plaintiff's Response to Defendant Houston Independent School District's ("HISD's") Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment (Document No. 103). This motion coincidentally was filed on the date that HISD's Motion for Summary Judgment was granted and Plaintiff's Motion for Partial Summary Judgment was denied as moot. The Court has now examined Plaintiff's Motion to Supplement and finds that neither the motion nor the evidence attached thereto would lead to a different result. Nonetheless, the Court will permit Plaintiff's supplemental evidence to be made part of the record. Accordingly, it is

ORDERED that Plaintiff's Motion to Supplement (Document No. 103) is GRANTED, and the materials filed therewith shall be included as part of the summary judgment record.

Also pending is Plaintiff's Rule 59 Motion for New Trial and Request for Court to Consider Additional Testimony (Document No. 107). This Motion was filed nine days after entry of summary judgment in favor of Defendant HISD and its officials, Joan Raymond, Sylvia Macy, and Barbara Turner ("the individual HISD Defendants"). This motion has attached to it post-summary judgment affidavits of Juan Doe ("Juan"), the child for whom this action was brought, and Juan's psychiatrist, Dr. Richard B. Pesikoff. In light of these affidavits, Plaintiff asks the Court to reconsider its Order granting summary judgment.

■ A motion to reconsider an order granting summary judgment is appropriate when the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in controlling law, or when other highly unusual circumstances exist. Fed. R.Civ.P. 59(e); *School Dist. No. 1J, Multnomah County, Ore. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). Evidence that was available to a party at the time of the decision being challenged, but was not timely submitted, does not ordinarily qualify as newly-discovered evidence. *See id; Waltman v. Internat'l Paper Co.,* 875 F.2d 468, 473–74 (5th Cir.1989). *See also Russ v. Internat'l Paper Co.,* 943 F.2d 589, 593 (5th Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992) ("[T]he unexcused failure to present evidence which is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider."). Whether to grant a motion to reconsider is left to the discretion of the district court. *See id.*

Summary Judgment was granted in favor of the HISD Defendants because Plaintiff failed to raise so much as a fact issue that Juan suffered a constitutional deprivation under color of state law. No competent summary judgment evidence was submitted showing that Defendant Jerry Asher ever sexually molested Juan in class or while Juan was Asher's student. The February 16, 1996, affidavit from Juan now proffered by Plaintiff contains vague references to unspecified touching of Juan in class by Asher and specific, but undated, details of later sexual molestation. This evidence was uniquely available to Plaintiff, who is Juan's mother, and to Juan himself, long before summary judgment was granted February 13, 1996. Plaintiff cannot claim that the information relayed in the recent affidavit was previously unavailable or unknown by Plaintiff. In fact, far more specific allegations of Asher's behavior with Juan in class were made many months earlier in Plaintiff's Second and Third Amended Complaints.[1]

---

1. The allegations that Asher fondled Juan's genitals in class—allegations that have never been corroborated by competent summary judgment evidence—did not appear in Plaintiff's pleadings until she filed her Second Amended Complaint in April, 1995. Plaintiff's Original Petition and First Amended Complaint, filed in December 1994 and January 1995, respectively, asserted that Asher's sexual indecency with Juan *began* on or about August 29, 1992, and continued *until* September 12, 1992. These dates, some five to six months *after* Juan and Asher's student/teacher

■ Dr. Pesikoff's affidavit suggests that Plaintiff's failure to submit a timely affidavit from Juan was due to some kind of repressed memory problem. Dr. Pesikoff reports that, in a counseling session held with Juan five days after the entry of the Order granting summary judgment, Juan "revealed for the first time information concerning specific acts of touching that Mr. Asher conducted toward him in his classroom, ..." Dr. Pesikoff never states, however, that he had ever asked Juan about the subject matter of the Pesikoff affidavit *before* his February 19, 1996, counseling session. Juan's affidavit even declares, "I wish that I could forget [these events], but I can't." Moreover, whereas Juan's belated affidavit discusses touching in class, without specifying where Asher touched him, Juan previously testified competently, thoroughly, and in detail at Asher's criminal trial with regard to the explicit criminal sexual acts committed against him in August and September of 1992. Plaintiff has simply not demonstrated good cause or excuse for not submitting Juan's and Dr. Pesikoff's affidavits during the almost seven months in which the individual HISD Defendant's summary judgment motion was pending. Accordingly, Plaintiff's request that the Court consider this untimely evidence is DENIED.

■ Regardless, even if the Court were to consider the untimely evidence, Juan's affidavit is far too vague to raise a fact issue as to Asher having sexually molested Juan in class or while Juan was Asher's student. *See Woodward v. City of Worland,* 977 F.2d 1392, 1398 (10th Cir.1992), *cert. denied,* 509 U.S. 923, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993) ("The vague, non-time-specific, and conclusory allegations that were made against the Supervisors were not sufficient to put at issue whether the Supervisors' conduct violated clearly established rights."). The asserted in-class "touchings" may refer to

any of innumerable examples of acceptable physical contact that may take place within the context of a teacher/student relationship. Even if certain "touchings" are subjectively unwelcomed by the recipient (or as Dr. Pesikoff puts it, violative of one's personal "preferred physical distance"), they may not rise to a level constituting a violation of a student's liberty interest in freedom from state-occasioned damage to his bodily integrity protected under the substantive due process component of the Fourteenth Amendment. *See Doe v. Taylor Ind. School Dist.,* 15 F.3d 443, 451 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994) (Constitution protects schoolchildren from state-occasioned physical sexual abuse and physical discipline that is arbitrary, capricious, or wholly unrelated to legitimate state interests). A reasonable factfinder simply could not conclude from Juan's late-filed vague testimony that Juan was subjected to a constitutional deprivation under color of state law by the HISD Defendants.

The Court has also considered all other points raised by Plaintiff in her pending motion, and finds that they are without merit.[2] Accordingly, it is

ORDERED that Plaintiff's Rule 59 Motion for New Trial and Request for Court to Consider Additional Testimony (Document No. 107) is DENIED.

■ Also pending is HISD and the individual HISD Defendants' Motion for Final Judgment (Document No. 105). Plaintiff filed an opposition to this motion asserting that final judgment should not be entered until the Court rules upon Plaintiff's Motion for New Trial and Request for the Court to Consider Additional Testimony. That has now been done. All claims against HISD and the individual HISD Defendants have been previously dismissed. The only claims

---

relationship had ended, are the only dates on which the summary judgment evidence reveals that Asher sexually assaulted Juan.

**2.** In one point Plaintiff claims that the Court erred in summarily adjudicating Plaintiff's state law claims against HISD. The Court did not do so. The fact is that Plaintiff omitted her state law claims against HISD when she filed her

Third Amended Complaint, the live pleading before the Court. Even if the Third Amended Complaint had alleged state law claims against HISD, as did her earlier, superseded pleading, for the reasons discussed at pp. 14–15 of the summary judgment Order, the Court would have declined to exercise supplemental jurisdiction over the claims.

remaining in this action, therefore, are against Defendant Jerry Asher, who is not being defended by and who is no longer associated with HISD, and who is currently serving a 50–year prison sentence arising out of his conviction for crimes committed against Juan. In light of the foregoing and pursuant to Fed.R.Civ.P. 54(b), the Court expressly determines that there is no just reason for delaying the entry of a final judgment as to the parties and claims dismissed by the Court's summary judgment Order. Accordingly, it is

ORDERED that HISD and the individual HISD Defendants' Motion for entry of a Final Judgment (Document No. 105) is GRANTED.[3]

---

[3]. HISD has also requested an Order for Plaintiff's counsel to return confidential information. This is a matter upon which the able attorneys for all parties should be able to agree, and they should draft a proposed agreed Order for the Court. The legitimate interests of preserving the information and its confidential character, and returning the same to HISD at an appropriate time, must be balanced with Plaintiff's need for use of the information either on appeal or, if this Court is reversed, at trial. The Court expects counsel to agree upon terms that will respect and secure the legitimate interests of all parties.