**UNITED STATES of America,**
**Plaintiff,**

v.

**Naeem AKHTAR, formerly d/b/a Mattia, Inc., 8000 Harwin Drive, # 410 Houston, Texas 77036, Defendant.**

**No. Civ.A. H–98–3882.**

United States District Court,
S.D. Texas.

Dec. 16, 1999.

Samuel G. Longoria, U.S. Attorneys Office, Houston, TX, for United States of America, plaintiff.

George J. Prappas, Houston, TX, Nakeem Akhter, Houston, TX, defendant pro se.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

### I. *Introduction*

Pending before the court is Plaintiff, United States of America's ("United States") Motion for Summary Judgment (# 25). The United States seeks summary judgment against Defendant Naeem Akhtar ("Akhtar") on its claims of violations of 21 U.S.C. § 842(a)(10), 21 C.F.R. § 1310.05(a)(1) and (b), and other applicable regulations. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment should be granted.

### II. *Factual Background*

Akhtar, doing business as Mattia, Inc., in Houston, Texas, was registered with the Drug Enforcement Administration ("DEA") as a "distributor," defined by the Comprehensive Drug Abuse Prevention and Control Act ("the Act") as "a person who so delivers a controlled substance or a listed chemical," and a "regulated person," defined by the Act as "a person who ... distributes ... a listed chemical," authorized to distribute List I chemicals ephedrine, pseudoephedrine, and phenylpropanolamine. *See* 21 U.S.C. § 802(11) & (38), 822; 21 C.F.R. §§ 1300.02(27), 1310.02(a). List I chemicals are closely regulated because of the ease with which they may be used in the illicit manufacture of methamphetamine and other illegal substances.

In the course of monitoring this activity, the DEA discovered that a representative of Akhtar had engaged in a series of regulated transactions with a purported representative of the Sunmart convenience store chain without notifying the DEA of these transactions as required by the Act. The Sunmart representative, Wasim Amin ("Amin"), is a convicted felon who, at the time, was serving a 10–year probated sentence for credit card fraud. Amin purchased ephedrine from Akhtar's representative on four occasions, each time for cash:

| Date | Number of Bottles | Number of Tablets | Price |
|---|---|---|---|
| 11–10–97 | 72 | 4,320 | $ 126.00 |
| 11–17–97 | 168 | 10,080 | $ 294.00 |
| 12–04–97 | 552 | 33,120 | $ 938.00 |
| 12–16–97 | 1,200 | 72,000 | $2,040.00 |

In each of these transactions, the bottles of ephedrine were sold in commercial form bearing the name "Mini Two–Way Action" tablets. Amin was not authorized to purchase ephedrine on Sunmart's behalf. Moreover, Sunmart did not stock "Mini Two–Way Action" tablets.

Plaintiff instituted this action on November 17, 1998, seeking to recover penalties for violations of 21 U.S.C. § 842(a)(10), 21 C.F.R. § 1310.05(a)(1) and (b), and other applicable regulations. On December 3, 1998, Defendant answered this action and on April 13, 1999, appeared by counsel for a pretrial scheduling conference. Since that date, however, Defendant has failed to answer interrogatories or requests for admissions or to produce records as ordered by the court on June 4, 1999.

On the United States's motion for entry of default judgment, the court ordered Akhtar to appear on October 27, 1999, to show cause why judgment should not be entered against him. Neither Akhtar nor his attorney appeared at the hearing. On October 28, 1999, the United States filed its motion for summary judgment, to which Akhtar has not responded.

### III. *Analysis*

#### A. *Summary Judgment Standard*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir.1999); *Marshall v. East Carroll Parish Hosp. Serv. Dist.,* 134 F.3d 319, 321 (5th Cir.1998); *Wenner v. Texas Lottery Comm'n,* 123 F.3d 321, 324 (5th Cir.1997), *cert. denied,* 523 U.S. 1073, 118 S.Ct. 1514, 140 L.Ed.2d 667 (1998). The moving party, however, need not negate the elements of the nonmovant's case. *See Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996) (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Colson,* 174 F.3d at 506; *Marshall,* 134 F.3d at 321–22; *Wallace,* 80 F.3d at 1047; *Little,* 37 F.3d at 1075. All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir.1996)

(citing *Lindsey v. Prive Corp.,* 987 F.2d 324, 327 n. 14 (5th Cir.1993)); *see Colson,* 174 F.3d at 506; *Marshall,* 134 F.3d at 321; *Messer v. Meno,* 130 F.3d 130, 134 (5th Cir.1997), *cert. denied,* 525 U.S. 1067, 119 S.Ct. 794, 142 L.Ed.2d 657 (1999); *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir.1997), *cert. denied,* 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999); *Songbyrd, Inc. v. Bearsville Records, Inc.,* 104 F.3d 773, 776 (5th Cir.1997). " 'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " *Reves v. Ernst & Young,* 507 U.S. 170, 190 n. 3, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505); *Palmer v. BRG of Ga., Inc.,* 498 U.S. 46, 49 n. 5, 111 S.Ct. 401, 112 L.Ed.2d 349 (1990); *see Marshall,* 134 F.3d at 321. Nonetheless, " 'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.' " *Eastman Kodak Co. v. Image Tech. Servs.,* 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992) (emphasis in original). "If the [nonmoving party's] theory is … senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468–69, 112 S.Ct. 2072.

The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Little,* 37 F.3d at 1075; *see Hart,* 127 F.3d at 435; *Wallace,* 80 F.3d at 1047; *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994)); *State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir. 1990) (citing *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial.

*See Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *Wenner,* 123 F.3d at 324. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548.

Summary judgment may not be awarded by default, however, merely because the non-moving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n. 3 (5th Cir.1995) (citing *Hibernia Nat'l Bank,* 776 F.2d at 1279). Nonetheless, the district court may accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir.1988); *Rayha v. United Parcel Serv., Inc.,* 940 F.Supp. 1066, 1068 (S.D.Tex.1996).

B. *Comprehensive Drug Abuse Prevention and Control Act*

The record keeping provisions of the Act provide in relevant part:

It shall be unlawful for any person—

\*  \*  \*  \*  \*  \*

(10) negligently to fail to keep a record or make a report under section 830 of this title.

21 U.S.C. § 842(a)(10). This provision applies to all persons who have the authority to dispense drugs and imposes strict liability on all violators. *See United States v. Green Drugs,* 905 F.2d 694, 695, 698–99 (3d Cir.), *cert. denied,* 498 U.S. 985, 111 S.Ct. 518, 112 L.Ed.2d 530 (1990); *United States v. Little,* 59 F.Supp.2d 177, 183 (D.Mass.1999); *United States v. Stidham,* 938 F.Supp. 808, 813 (S.D.Ala.1996). Section 830 provides:

(1) Each regulated person shall report to the Attorney General, in such form and manner as the Attorney General shall prescribe by regulation—

(A) any regulated transaction involving an extraordinary quantity of a listed chemical, an uncommon method of payment or delivery, or any other circumstance that the regulated person believes may indicate that the listed chemical will be used in violation of this subchapter.

21 U.S.C. § 830(b)(1)(A). Pursuant to the regulations promulgated by the Attorney General:

(a) Each regulated person shall report to the Special Agent in Charge of the DEA Divisional Office for the area in which the regulated person making the report is located, as follows:

(1) Any regulated transaction involving an extraordinary quantity of a listed chemical, an uncommon method of payment or delivery, or any other circumstance that the regulated person believes may indicate that the listed chemical will be used in violation of this part.

\*  \*  \*  \*  \*  \*

(b) Each report submitted pursuant to paragraph (a) of this section shall, whenever possible, be made orally to the DEA Divisional Office for the area in which the regulated person making the report is located at the earliest practicable opportunity after the regulated person becomes aware of the circumstances involved and as much in advance of the conclusion of the transaction as possible. Written reports of transactions listed in paragraphs (a)(1), (a)(3) and (a)(4) of this section will subsequently be filed as set

forth in § 1310.06 within 15 days after the regulated person becomes aware of the circumstances of the event. A transaction may not be completed with a person whose description or identifying characteristic has previously been furnished to the regulated person by the Administration unless the transaction is approved by the Administration.

21 C.F.R. § 1310.05(a)(1) and (b).

■ Akhtar did not respond to Plaintiff's First Request for Admissions, filed May 5, 1999. Under Rule 36 of the Federal Rules of Civil Procedure, if a request for admission remains unanswered, with no objection lodged, for more than thirty days after service of the request, it is deemed admitted. *See* FED.R.CIV.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney"); *Becerra v. Asher,* 921 F.Supp. 1538, 1544 (S.D.Tex.1996), *aff'd,* 105 F.3d 1042 (5th Cir.1997). Any matter admitted under Rule 36(a) is conclusively established. *See* FED.R.CIV.P. 36(b); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 549 (5th Cir.1985). Thus, deemed admissions can serve as the basis for summary judgment. *See Western Horizontal Drilling, Inc. v. Jonnet Energy Corp.,* 11 F.3d 65, 70 (5th Cir.1994) (upholding trial court's summary judgment finding of alter ego status based on deemed admissions); *Matter of Liberty Trust Co.,* 903 F.2d 1053, 1056 (5th Cir.1990) ("court acted properly when it granted ... unopposed motion for summary judgment, particularly so in light of the deemed admissions"); *Stewart v. Jones,* 946 F.Supp. 466, 470 n. 4 (S.D.Miss.1996) ("failure to respond to requests for admission can lead to a grant of summary judgment where the essential issue is deemed admitted by the non-responding party") (citing *Dukes,* 770 F.2d at 549).

■ Consequently, by failing to respond, Akhtar has admitted that he owned or operated Mattia, Inc., during the relevant time, that he was registered with the DEA during that time to distribute List I chemicals, and that he did not report to the DEA about the four sales of ephedrine when they occurred. In his answer to the United States's complaint, Akhtar admitted that the four transactions were unusual because they were made in cash and because they were for progressively larger quantities of ephedrine. This constituted a judicial admission, a formal concession made in the pleadings that is binding upon the party who makes it. *See Solon v. Gary Community Sch. Corp.,* 180 F.3d 844, 858 (7th Cir.1999) (citing *Keller v. United States,* 58 F.3d 1194, 1199 n. 8 (7th Cir.1995)); *see also Huey v. Honeywell, Inc.,* 82 F.3d 327, 333 (9th Cir.1996); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121–22 (2d Cir.1990). Pursuant to law, Akhtar was required to report unusual transactions of this type to the DEA. *See* 21 U.S.C. § 830(b)(1)(A); 21 C.F.R. § 1310.05(a)(1) and (b). The evidence reflects that he failed to do so. Thus, the evidence establishes that Akhtar violated 21 U.S.C. § 842(a)(10) and 21 C.F.R. § 1310.05(a)(1) and (b) on four separate occasions by failing to report to the DEA the four sales made by his representative to Amin on November 10, 1997, November 17, 1997, December 4, 1997, and December 16, 1997. Therefore, summary judgment is warranted on the United States's claims.

Furthermore, 21 U.S.C. § 842(c)(1)(A) and (B) provide a civil penalty for violations of § 842(a)(10):

> (1)(A) Except as provided in subparagraph (B) of this paragraph and paragraph (2), any person who violates this section shall, with respect to any such violation, be subject to a civil penalty of not more than $25,000. The district courts of the United States (or, where there is no such court in the case of any territory or possession of the United States, then the court in such territory

or possession having the jurisdiction of a district court of the United States in cases arising under the Constitution and laws of the United States) shall have jurisdiction in accordance with section 1355 of Title 28 to enforce this paragraph.

(B) In the case of a violation of paragraph (5) or (10) of subsection (a), the civil penalty shall not exceed $10,000.

21 U.S.C. § 842(c)(1)(A) and (B). The United States has shown that Akhtar violated the statute on four separate occasions. The court finds that a penalty of $10,000.00 is appropriate as to each of his four violations, for a total penalty of $40,-000.00. The court further finds that postjudgment interest is payable on the penalty imposed. On December 16, 1999, postjudgment interest in federal court accrues at the rate of 5.670% per annum. *See* 28 U.S.C. § 1961. Thus, postjudgment interest is payable at a rate of 5.670% per annum on the $40,000.00 penalty commencing on the date of this judgment.

IV. *Conclusion*

Accordingly, the United States's motion for summary judgment is GRANTED. There are no outstanding issues of material fact with respect to the United States's claims, and the United States is entitled to judgment as a matter of law.

The United States is awarded statutory damages of $10,000.00 for four separate violations of 21 U.S.C. § 842(a)(10), for a total award of $40,000.00. Pursuant to 28 U.S.C. § 1961, postjudgment interest shall run on this amount from the date of the judgment at a rate of 5.670% per annum.