Edward F. RAYHA, Plaintiff,

v.

UNITED PARCEL SERVICE,
INC., Defendants.

Civil Action No. H–95–3867.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 11, 1996.

Edward F. Rayha, Spring, TX, pro se.

Teresa Slowen Valderrama, Baker & Botts, Houston, TX, for defendants.

## *ORDER*

GILMORE, District Judge.

Pending before this Court is Defendant's Motion for Summary Judgment (Instrument No. 25). After careful review of Defendant's Motion, the facts, and the applicable law, this Court finds that Defendant's Motion must be **GRANTED.**

### I.

Edward Rayha ("Rayha") began working for United Parcel Service ("UPS") as a part time clerk in 1983. Two years later he was transferred to the damage/rewrap area where he worked until August of 1993. As a damage/rewrap clerk, Rayha performed tasks such as tracking lost packages, rewrapping damaged packages, and cleaning up spilled materials from damaged or opened packages. Initially, the procedures UPS employed for handling damaged packages were the same regardless of the package's contents—that is, there were no special procedures for handling packages containing potentially hazardous materials. In 1992, however, the Occupational Safety and Health Administration ("OSHA") passed regulations requiring UPS to formalize the process it used for disposing of packages leaking hazardous substances. In response to OSHA's directive, UPS implemented a formal program for handling packages of this type. This new program was called the Damaged Materials Program ("DMP"). To maintain compliance with applicable OSHA safety regulations, UPS required all employees designated to work in the DMP be certified to wear respiratory equipment. In order to become certified, each employee needed to pass a medical examination to ensure that the protective gear could be worn safely and without threat of physical injury or harm.

Rayha failed this mandatory physical and was, at that time, diagnosed as having limited respiratory capacity. Despite his failure to obtain proper certification, Rayha continued to work as a "DMP" clerk until the details of the new program were finalized and Rayha's replacement was trained. His tasks, however, were limited to those duties which did not directly involve the handling of hazardous materials. In August of 1993, Rayha was completely removed from the DMP program. He was transferred to another part-time clerk position where he performed different duties but retained his original "clerk" classification, minimum guaranteed hours, hourly wages, seniority, and benefits. Subsequent to his transfer, Rayha requested to be assigned to another clerk position. UPS denied his request.

On January 24, 1994, Rayha filed employment discrimination charges with the EEOC under the Americans with Disabilities Act of 1990 ("ADA"), alleging that he was denied reasonable accommodations and discriminated against based on disability. The EEOC issued a Notice of Right to Sue on April 28, 1995, and this suit was filed on July 26, 1996. Rayha claims that UPS's refusal to transfer him to a more preferable position violated the ADA. UPS, on the other hand, contends that, first, Rayha is not entitled to protection under the ADA and secondly, even assuming ADA coverage is extended in this case, the ADA does not mandate any additional accommodation be extended Rayha beyond that which UPS has already provided. Reasonable accommodation was offered Rayha when UPS transferred him to a vacant position where he could retain all the entitlements and benefits of his previous job. UPS asserts that it is entitled to summary judgment on Rayha's claim.

### II.

Summary judgment is appropriate if no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 91 L.Ed.2d 202 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 247–49, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511; *see Lewis v. Glendel Drilling Co.,* 898 F.2d 1083, 1088 (5th Cir.1990), *cert. denied,* 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and for identifying those portions of the record that demonstrate such absence. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356 (quoting Fed. R.Civ.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–22, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard,* 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence which would be admissible at trial. *Anderson,* 477 U.S. at 255–57, 106 S.Ct. at 2514; *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue....").

Summary judgment may not be awarded by default because the non-moving party fails to respond. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). The district court may, however, accept as undisputed the facts listed in support of the unopposed motion for summary judgment. *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988).

### III.

Section 12112(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101–12213, prohibits an employer from discriminating against "a qualified individual with a disability" with respect to the terms, conditions, and privileges of employment. In order to succeed on a claim under the ADA, the plaintiff must prove by a preponderance of the evidence that (1) he suffers from a disability; (2) he was otherwise qualified for the job; (3) he was subject to an adverse employment action; and (4) he was treated less favorably than non-disabled employees. *Daigle v. Liberty Life Insurance Co.,* 70 F.3d 394, 396 (5th Cir.1995). The plaintiff at all times bears the burden of proving that he was the victim of intentional discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 2747–48, 125 L.Ed.2d 407 (1993). To survive summary judgment, the plaintiff must produce substantial evidence such as to allow a rational factfinder to reasonably infer that disability was a determinative reason for the employment decision. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir.1996); *see also LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 449–50 (5th Cir.1996). The Court finds that Rayha has not satisfied this burden.

First, Rayha's limited respiratory capacity does not constitute a disability as the term is defined under the ADA. A disability is "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). Working is considered under the regulations to be a major life activity. 29 C.F.R. § 1630.2(i). By Rayha's own admission, his alleged disability has in no way affected any other aspect of his life; nor does he anticipate it

will prevent him from achieving any of his career goals in the future. He agrees he is capable of working in any other vocation or occupation he desires and admits that his condition has not precluded him from participating in his favorite recreational activities of cycling, tennis, and scuba diving or from serving as a volunteer firefighter.

Since his diagnosis, Rayha lifestyle has not been inordinately restricted and in fact, Rayha's only apparent limitation is his inability to hold one specific position at UPS—the job of a DMP clerk. However, "the inability to perform a single, particular job does not constitute a substantial limitation on the major life activity of working." 29 C.F.R. § 1630.2(j); *see also Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 727 (5th Cir.1995) (reviewing cases and finding that an impairment that affects only a narrow range of jobs can be regarded either as not substantially limiting or as not affecting a major life activity); *Turco v. Hoechst Celanese Chem. Grp., Inc.,* 906 F.Supp. 1120, 1127 (S.D.Tex.1995) (acknowledging that an employee's inability to hold a particular job does not mean that he is substantially limited in the performance of the major life activity of working). Because Rayha's limited respiratory capacity has thus far only affected his ability to perform DMP clerk duties, Rayha's ailment does not qualify under the ADA as a disability that would trigger statutory protection.

■ Even if Rayha was disabled within the meaning of the term under the ADA, Rayha is not otherwise qualified to perform the duties of a DMP clerk. A disabled individual may be otherwise qualified for a particular position, if, in spite of his disability, he can still perform the essential functions of the job with or without reasonable accommodations. 42 U.S.C. § 12111(8); *Chandler v. City of Dallas,* 2 F.3d 1385, 1393–94 (5th Cir.1993). The essential functions of an employment position includes the basic, fundamental duties of the job—the marginal duties associated with the job are not taken into consideration in determining a disabled employee's qualifications. 29 C.F.R. § 1630.2(n); *see also Chiari v. City of League City,* 920 F.2d 311, 315–18 (5th Cir. 1991). The handling and processing of pack-

ages containing potentially hazardous materials is at the heart of a DMP clerk's job and clearly bears more than a marginal relationship to the job at issue. Thus, by failing the mandatory medical examination, Rayha is physically unqualified to perform the essential functions of a DMP clerk. Furthermore, any attempt on the part of UPS to permit Rayha to perform DMP clerk duties without proper certification would be in violation OSHA regulations.

Additionally, even Rayha has admitted that he is no longer qualified for the DMP position and in fact, has also agreed that UPS acted appropriately by removing him from his former position when he failed the required physical. Rayha instead argues that UPS discriminated against him by refusing to reassign him to a position where his skills would be better utilized. He claims that immediately following his removal he requested that UPS either allow him to continue working as a DMP clerk but excuse him from the tasks he could not perform, reassign him to an occupied position, or transfer him from a part-time union position to a full-time non union position in violation of the governing union agreement.

■ Even if the Court were to assume ADA coverage exists in this case, the Court nonetheless finds that UPS reasonably accommodated Rayha by transferring him to job which enjoyed the same union classification, hourly wage, minimum guaranteed hours, seniority, and other benefits as Rayha's previous position. While Rayha is correct that an employer's failure to make reasonable accommodations to the known physical limitations of a disabled employee can, in certain situations, constitute disability discrimination, UPS did not act unreasonably in this case with respect to the type of accommodation it provided Rayha. *See* 42 U.S.C. § 12111.

■ Reasonable accommodation includes the modification or adjustment of an employee's work environment to make it possible for that person to perform the essential functions of a job or to enjoy the same benefits and privileges of employment that are available to any person without a disability. 29 C.F.R. § 1630.2(o ). An employer's duty to

**1070**

provide reasonable accommodations for its employees' disabilities, however, does not require the employer to restructure an existing job to eliminate the problem tasks from the employee's assignments, to create a new job for the disabled employee, or to transfer the employee to an occupied position. *See Daugherty v. City of El Paso,* 56 F.2d 695, 698 (5th Cir.1995) (*quoting Chiari v. City of League City,* 920 F.2d 311, 317 (5th Cir. 1991)); *White v. York Int'l. Corp.,* 45 F.3d 357, 362 (10th Cir.1995); *see also* 29 C.F.R. § 1630.2(*o* ). Furthermore, an employer is not obligated under the ADA to always provide the employee with best possible accommodations or to accommodate the employee in the specific manner he requested. 29 C.F.R. § 1630.9. The ADA grants employers broad discretion in choosing between effective accommodations, ultimately allowing each employer wide latitude in selecting the accommodation that is easiest for it to provide. *Id.* The principle that an employee is entitled only to a reasonable accommodation and not to the preferred accommodation is firmly rooted in caselaw established under both the ADA and the Rehabilitation Act. *Carter v. Bennett,* 840 F.2d 63, 67 (D.C.Cir. 1988); *Vande Zande v. State of Wisconsin Dep't of Admin.,* 851 F.Supp. 353, 360 (W.D.Wis.1994).

Thus, although Rayha was not pleased with his new assignment, UPS did violate the ADA by refusing to transfer Rayha to the position he requested where such a request would necessitate the creation of a new position, major alteration of an existing position, a transfer in violation of the union agreement, or the removal of another UPS employee to vacate a currently held position. Defendants are, therefore, entitled to summary judgment on Rayha's disability discrimination claim.

### IV.

Accordingly, the Court **ORDERS** that the Defendant's Motion for Summary Judgment is **GRANTED**.

This is a **FINAL JUDGMENT.**