**Alfredo PRADO, Plaintiff,**

v.

**CONTINENTAL AIR TRANSPORT COMPANY, INC., Defendant.**

No. 96 C 8387.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 31, 1997.

Daniel Allen Macahon, Thomas F. Howard, Oak Park, IL, for Plaintiff.

George J. Lynch, Paul Ehrich Bateman, Burke, Warren, MacKay & Serritella, P.C., Chicago, IL, for Defendant.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendant's Motion for Summary Judgment. For the following reasons, the motion is granted.

## I. BACKGROUND

Plaintiff Alfredo Prado ("Prado") contracted polio at the age of three. The virus caused muscular atrophy in his right leg. At 18 years of age, Prado underwent corrective surgery to stabilize his right ankle. As a result, Prado states that he has "full range of motion with [his] right leg, [and that he] can walk, balance, kick, and feel everything with [his] right leg." (Prado Aff. § 2.) One year later, at the age of 19, Prado obtained his first driver's license. *Id.*

In November 1992, Prado successfully completed the written and performance tests for an Illinois Commercial Driver's License ("CDL"). Prado's CDL contains one restriction; he may only drive automatic transmission vehicles. *Id.* § 3. Prado operates the brake and accelerator with his left foot. (Pl.'s 12(N)(3) Stmnt. at 3.)

Defendant Continental Air Transport Co., Inc. ("Continental") transports passengers in and around the Chicago metropolitan area. On January 21, 1993, Prado applied for a driver position with Continental. Continental interviewed and tested Prado on his general driving knowledge and familiarity with the Chicago land area. Prado passed these tests and was told to report for a physical examination the following day. Continental did not make a conditional offer of employment prior to Prado's physical examination. (Prado Aff. § 4.)

Continental requires that all driver applicants meet the minimum standards of the Federal Motor Carrier Safety Regulations established by the United States Department of Transportation ("DOT"). Part of the DOT certification process requires a physical examination. Dr. Cecilie Radulovic ("Dr. Radulovic") performed the requisite exam on Prado. Because Dr. Radulovic discovered that Prado's "fight leg is atrophied with very limited function," she determined that it was "not advisable for [Prado] to drive a commercial vehicle where there are passengers at risk." (Pl.'s 12(N)(3) Stmnt. at 3.) Thus, Dr. Radulovic concluded that Prado did not meet the minimum standards necessary for DOT certification. *Id.*

On February 2, 1993, Continental informed Prado that he did not pass the physical examination and that an offer of employment would not be forthcoming. On February 3, 1993, Prado filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Prado claimed that Continental violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (1995), when it required him to undergo a medical examination without a conditional offer of employment. On September 30, 1996, the EEOC issued a notice informing Prado that he had the right to bring civil action against Continental. On December 26, 1996, Prado filed his complaint with the court. (Def's 12(M) Stmnt. at 3.)

On June 3, 1997, Continental filed its motion for summary judgment. Continental contends that Prado was not denied employment on the basis of any disability. Rather, Continental denied Prado's employment application simply because he was not qualified to drive a commercial motor vehicle. Specifically, Continental argues that Prado failed to meet the minimum requirements necessary for DOT certification. (Def's Mem. Supp. Summ. J. at 4–6.) Additionally, Continental claims that Prado is procedurally barred from bringing the instant action for failure to exhaust administrative remedies. *Id.* at 6–8.

## II. DISCUSSION

To successfully maintain an action under the ADA, Prado must make the predicate showing that he was a "qualified individual" for the position of driver. 42 U.S.C. § 12112; *see also Best v. Shell Oil Co.,* 107 F.3d 544, 547–48 (7th Cir.1997); *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir.1996). A qualified individual means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Before a court examines whether an individual can perform "the essential functions" of a position, it must first determine whether the applicant "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." 29 C.F.R. app. § 1630 (1996). An ADA plaintiff bears the burden of meeting this threshold inquiry and failure to do so requires a grant of summary judgment. *Weiler v. Household Fin. Corp.,* 101 F.3d 519, 523 (7th Cir.1996); *DeLuca v. Winer Indus. Inc.,* 53 F.3d 793, 797 (7th Cir.1995).

Although the purpose of the ADA is to eliminate discrimination of disabled persons in the workforce, 42 U.S.C. § 12101(b), the ADA recognizes that employers may establish job qualification standards which have the effect of denying employment to disabled persons based on a disability. In relevant part, 42 U.S.C. § 12113 provides:

> It may be a defense to a charge of discrimination under this chapter that an alleged application of qualification standards, tests, or selection criteria that screen out or tend to screen out or otherwise deny a job or benefit to an individual with a disability has been shown to be job-related and consistent with business necessity. . . .

Furthermore, the federal regulations drafted to implement the ADA similarly recognize that "[i]t may be a defense to a charge of discrimination under this part that a challenged action is required or necessitated by another Federal law or regulation ... "[1] 29 C.F.R. § 1630.15(e) (1995).

Pursuant to 42 U.S.C. §§ 12111(8),[2] Continental subscribes to the minimum safety standards promulgated by the United States Secretary of Transportation. 42 U.S.C. §§ 31135–31136 (1995). The minimum safety standards require all drivers to pass a physical examination and become DOT certified. 49 C.F.R. § 391.43 (1996). Therefore, to become a "qualified individual" under the ADA, Continental drivers must be DOT certified or be able to obtain DOT certification.

Here, Prado was not DOT certified nor could he become DOT certified because of his failure to pass the requisite physical examination.[3] Consistent with its hiring practices, Continental arranged for Prado to be examined by Dr. Radulovic, a physician who must "be knowledgeable of the specific physical and mental demands associated with operating a commercial motor vehicle and the requirements of [giving physical examinations]." 49 C.F.R. § 391.43(c)(1). Dr. Radulovic "found that due to polio as a child, Mr. Prado's right leg was atrophied with very little function." An individual is not physically qualified to drive a commercial motor vehicle if they have an impairment of "[a]n arm, foot, or leg, which interferes with the ability to perform normal tasks associated with operating a commercial motor vehicle." 49 C.F.R. § 391.41. Therefore, Dr. Radulovic concluded that "Mr. Prado did not meet the specified minimum requirements." (Def's Mem. Supp. Summ. J. Ex. 2.)

Although Prado contests Dr. Radulovic's examination procedures, he fails to come forward with independent testimony supporting a contrary medical opinion. The only support Prado offers is his conclusory statement that he has "full range of motion with [his] right leg, [and that he] can walk, balance, kick, and feel everything with [his] right leg." However, "conclusory statements in [a plaintiff's] affidavit do not create an issue of fact." *Sample v. Aldi, Inc.*, 61 F.3d 544, 549 (7th Cir.1995). Furthermore, "[a]n employee's self-serving statements about his ability ... are insufficient to contradict an employer's negative assessment of that ability." *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1460 (7th Cir.1994). Thus, even in the favorable light of summary judgment, no factual dispute exists regarding Prado's lack of an essential employment prerequisite.

Additionally, Prado will not be heard to argue that he would have qualified for DOT certification but for Dr. Radulovic's flawed physical examination procedures and medical conclusions. The proper forum to decide those matters was before the Office of Motor Carrier Research and Standards ("OMCRS"). In relevant part, 49 C.F.R. § 391.47 provides:

(2) The applicant must submit proof that there is a disagreement between the physician for the driver and the physician for the motor carrier concerning the drivers qualifications.

(3) The applicant must submit a copy of an opinion and report including results of all tests of an impartial medical specialist in the field in which the medical conflict arose. The specialist should be one agreed to by the motor carrier and the driver.

1. Prado argues that Continental committed a per se violation of the ADA by requiring him to undergo a medical exam before making a conditional offer of employment. *See* 42 U.S.C. § 12112(d)(3) (forbidding medical examinations prior to conditional offer of employment). However, 42 U.S.C. § 12113 and 29 C.F.R. § 1630.15(e), render Prado's assertion meritless. The foregoing provisions recognize that medical or physical examinations are sometimes necessary to determine if an applicant meets the minimum qualifications necessary for employment. To adopt Prado's position would gut the protections provided to employers under 42 U.S.C.

§ 12113 and 29 C.F.R. § 1630.15(e). This point is underscored by Prado's failure to cite any authority, binding or otherwise, which supports his argument.

2. In relevant part, 42 U.S.C. §§ 12111(8) provides that "consideration shall be given to the employer's judgment as to what functions of the job are essential."

3. Drivers who fail the physical examination may otherwise qualify for DOT certification by applying for a waiver. 49 C.F.R. § 391.49. In this case, Prado never sought such a waiver.

■ A party who fails to exhaust administrative remedies is precluded from raising those issues in the district court. *Reiter v. Cooper*, 507 U.S. 258, 269, 113 S.Ct. 1213, 1220–21, 122 L.Ed.2d 604 (1993) ("Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts...."); *Ayrault v. Pena*, 60 F.3d 346, 349 (7th Cir.1995). As a matter of policy, courts defer to administrative agencies because they are generally better equipped to determine specialized areas of fact. *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1085–86, 117 L.Ed.2d 291 (1992); see *Southwestern Sugar and Molasses Co. v. River Terminals Corp.*, 360 U.S. 411, 420, 79 S.Ct. 1210, 1216, 3 L.Ed.2d 1334 (1959) ("[I]n cases raising issues of fact not within the conventional wisdom of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be overlooked."); *United States v. Powell*, 929 F.2d 1190, 1193 (7th Cir.1991).

It is undisputed that Prado failed to pursue his administrative remedies under 49 C.F.R. § 391.47 before filing his complaint with the court. The court will not abrogate clear congressional intent which vests driver fitness issues in the Secretary of Transportation. 42 U.S.C. § 31136(a)(3). Nor will the court usurp the power of the OMCRS to determine whether a physician's examination procedures were flawed or conclusions erroneous. 49 C.F.R. § 391.47; *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 206, 114 S.Ct. 771, 775–76, 127 L.Ed.2d 29 (1994) (precluding initial judicial review where Congress intends an administrative body be the original arbiter of a controversy). Therefore, Prado is precluded from arguing those issues before the court.

■ Since Prado failed to obtain the required DOT certification, he was never qualified for the position of driver. Thus, Prado may not claim that he was unlawfully denied employment for a position which he was never qualified to perform. *Cochrum v. Old-Ben Coal Co.*, 102 F.3d 908 (7th Cir.1996) (employee with injured shoulder not qualified for position of roofer under ADA); *Baert v. Euclid BeverageLtd.*, 954 F.Supp. 170, 173 (N.D.Ill.1997) (finding an insulin-dependent diabetic not qualified for the position of driver and holding that "the fundamental prerequisite of an Euclid Driver is to drive a truck which, under federal regulation, requires a commercial driver's license. [Plaintiff] does not have one and can't get one. Thus, he is not qualified."); *see also Campbell v. Federal Express Corp.*, 918 F.Supp. 912, 919 (D.Md. 1996) (applicant's failure to obtain DOT certification rendered him not qualified for driver position); *Rayha v. United Parcel Service, Inc.*, 940 F.Supp. 1066, 1069 (S.D.Tex.1996) (stating "by failing the mandatory medical examination, [Plaintiff] is physically unqualified to perform the essential functions of a [hazardous package handling] clerk.")

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Potts v. City of Lafayette*, 121 F.3d 1106, 1110 (7th Cir.1997). There is no genuine factual dispute about Prado's failure to obtain DOT certification. Without proper certification, Prado lacks an essential qualification for employment as a Continental driver. Because an applicant must first be qualified for a job before discrimination is actionable under the ADA, Prado cannot satisfy his threshold burden under 42 U.S.C. § 12112(a). Accordingly, the court concludes that Continental is entitled to summary judgment as a matter of law. *Weiler*, 101 F.3d at 523; *DeLuca*, 53 F.3d at 797.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.