**S. E. GLOVER, Sr., et al., Appellants,**

v.

**S. E. GLOVER, Jr., Appellee.**

**No. 4158.**

Court of Civil Appeals of Texas.

Eastland.

April 28, 1967.

Rehearing Denied May 26, 1967.

Callaway, Callaway & Harmon, Gib Callaway, Brownwood, for appellants.

Ben D. Sudderth, Comanche, C. O. McMillan, Stephenville, for appellee.

GRISSOM, Chief Justice.

S. E. Glover, Sr. and his son, Bob H. Glover, and his wife and another son, Sam O. Glover, sued S. E. Glover, Jr. They alleged that they and the defendant jointly owned 729 acres of land; that Bob H. Glover and wife owned 200 acres thereof as their homestead and that the other 529 acres was jointly owned as follows:

| | |
|---|---|
| Glover, Sr. | 106 acres |
| Glover, Jr. | 47 acres |
| Sam O. | 188 acres, and |
| Bob H. | 188 acres. |

Plaintiffs sought a judgment declaring ownership and a partition in accord therewith. Junior, who is the son of Senior and the brother of Sam and Bob, answered that the 200 acres claimed to be the homestead of Bob and wife under a conveyance from his father was made without consideration and was an attempt by Senior to transfer title to said 200 acre tract to Bob without authority in the will of his mother, Ada Glover, deceased. Junior alleged that he, Bob and Sam were the children of Ada; that their mother's will provided that their father should have all her property as long as he remained unmarried and that he should have the right to use, control and convey it but that, in the event of his remarriage, all of her property remaining on hand should then pass to and vest in her children "in equal shares, share and share alike;" that she did not intend for Senior to have authority to make a gift of her interest in land to one child and thereby prefer him over another; that this was made clear by the provision that on the death or remarriage of Senior, the property remaining should pass to testatrix' children, "in equal shares, share and share alike". Junior alleged that Senior remarried in February 1963 and thereupon the title to all of testatrix' estate which had not been lawfully disposed of passed to and vested in her children; that the title of testatrix in the 200 acres purported to be conveyed to Bob by his father and claimed by Bob and his wife as their homestead passed to and vested in testatrix' children, with Junior owning a ⅓rd interest therein. Junior alleged that Bob was not an innocent purchaser of said 200 acres but that he received it without consideration knowing the terms of his mother's will. Junior then alleged he had filed another suit, Number 10,582 on the docket of the same court, wherein he sued Senior and his brothers; that an agreed judgment was rendered in that cause in 1963, by the terms of which it was decreed that an undivided ⅓rd interest in all his mother's estate which remained in the hands of Senior vested in Junior, including an undivided ⅓rd interest in 425/529ths of the 529 acres involved in this suit, which effectively fixed the interest of Junior in said 529 acres but left undisposed of his interest in the 200 acres claimed by Bob and wife as their homestead. Junior alleged that said land was susceptible of partition in kind, including the 200 acres claimed by Bob; that said 200 acres was owned as follows: Bob owned all of Senior's interest and an

undivided ⅓rd of his mother's interest and Sam and Junior each owned an undivided ⅓rd of the interest owned by their mother at the time of her death. Junior prayed that plaintiffs take nothing against him so far as their suit sought to recover and quiet the title of Bob in the 200 acre tract; that the interest of all parties in all of said land be determined and that it be partitioned in accord with his allegations.

It is undisputed that Senior and his first wife acquired 729 acres of land; that an undivided ⅙th interest therein was inherited by Senior's first wife and the remaining ⅚ths was purchased by Senior and his first wife during their marriage; that their children and heirs at law were the three sons named; that the first wife, Ada, died in December 1959, leaving a written will which was probated and that it contained the provisions mentioned; that in October 1962, Senior executed a deed to Bob purporting to convey "all my right, title and interest" in and to said 200 acres out of the 729 acres acquired by Senior and his first wife as aforesaid; that on December 20, 1962, Senior executed a deed conveying to said three sons, share and share alike, an undivided 425/529ths interest in 529 acres of the 729 acre tract. It was also undisputed that in February 1963, Senior married again and litigation followed; that, in cause 10,582, it was adjudicated that upon Senior's remarriage Junior's undivided ⅓rd interest in all the estate of his mother which remained in Senior's hands vested in Junior, including an undivided ⅓rd interest in 425/529ths of the 529 acres, subject, however, to a lease to Hanson and Stephens. In said judgment it was decreed that Senior's deed to Bob was not effective against Junior; that, thereafter, the present suit was filed by Senior, Bob and Sam against Junior seeking partition of said 529 acres; that after it was filed all the parties made an agreement in writing settling their controversies and agreeing to dismiss their suits. The court found that said contract was made in compromise and

settlement of the disputes between the parties. Junior filed a cross action against said plaintiffs, seeking specific performance of the agreement therein to convey the land in dispute to Junior. In a trial to the court, it was adjudged that Junior was entitled to have said contract specifically enforced. The plaintiffs have appealed.

Appellants' points are in substance that the court erred (1) in its conclusions of law 1 and 4, that the compromise contract to sell to Junior was supported by a valid consideration and that Junior was entitled to specific performance thereof, because when appellants made the contract the parties were acting under a mutual mistake of fact, in that, they assumed Junior owned 141 acres in the 529 acre tract when he only owned 47 acres therein; (2) that the court erred in conclusion of law numance and (3) that the court erred in its findings and conclusions to the effect that Junior was entitled to specific performance, because Junior had not performed conditions precedent required by the contract, to-wit, to (a) deliver certain land to lessees Stephens and Hanson; (b) to pay Senior $930.00 in 90 days and (c) to surrender 80 acres of peanut land to Senior and Bob. Appellants' 4th point is that the court erred in holding Bob was not entitled to the 200 acres as his homestead because it was conclusively established that it was the homestead of Bob and wife and Bob's wife was not a party to the contract and, therefore, the contract to convey the 200 acres to Junior was void.

■ We think it is evident that appellants did not establish that they were acting under the alleged mutual mistake when they executed the contract to sell the land to Junior. As appellee says, it seems to be appellants claim that despite the judgment in case number 10,582, wherein Junior sued appellants, that appellants in fact owned more than 588 acres in the 729 acre tract and, therefore, it was thus established that there was a mutual mistake. We think mutual mistake was not established; that

the language used in the judgment in cause 10,582, wherein the court found that Junior's undivided ⅓rd interest in all the property and estate of his mother which remained in Senior's hands vested in Junior, "including an undivided ⅓rd interest in and to a 425/529ths undivided interest in the 529 acres of land—" is susceptible to the construction made by the court, to-wit, that Junior was entitled to ⅓rd of 425 acres, or 141 acres.

■ We agree with appellee that the agreement to sell to him was entered into as a compromise settlement of their controversies. It stated that it was in full settlement of disputes between them as to the ownership and right of possession of said property. There was no assertion of fraud or misrepresentation by Junior that induced appellants to make that agreement. Ordinarily, in the absence of fraud, courts will not disturb such a settlement. The compromise of a doubtful right is sufficient consideration for such an agreement and, in the absence of proof of fraud, it should be enforced. Camoron et al. v. Thurmond, 56 Tex. 22; Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757, 759.

■ We agree with the Court's finding that Junior timely tendered performance. The contract provided that the sellers, appellants, should furnish abstracts of title and, if the title were found marketable, then Junior should, within sixty days after receipt of the abstracts, pay the agreed consideration and that contemporaneously therewith the sellers should deliver to Junior their special warranty deed conveying the land to him. It provided that the purchaser should have ninety days to perform the contract and that if he did not the sellers were entitled to specifically enforce its performance. The contract contained several minor provisions, one called for payment of $930.00 in settlement of certain rents on or before ninety days from the date of the contract and that Junior would relinquish possession of a certain 80 acre tract, not here involved; that Junior would have two implement dealers appraise equipment owned by Senior and Junior and that Junior might purchase the interest of Senior within ninety days at the appraised price. It is unnecessary to state all the evidence which, we think, is sufficient to support the finding that Junior timely tendered performance of his part of the contract. We agree with appellee that, if the contract is susceptible to the construction that failure of Junior to perform within the ninety day period caused him to forfeit his right to purchase, nevertheless, said last day being a legal holiday and performance being tendered on the following day, it was tendered within time. Furthermore, it was established that appellants were obligated to tender to Junior abstracts and a special warranty deed conveying said land to him and that such tenders were never made. The record shows that appellants did not attempt to comply with the agreement and we think that they cannot thus avoid specific performance of the contract.

■ We also approve the holding that the homestead claim of Bob and wife was not established. The court found that they did not reside and had not resided on the property; that they had not performed any act evidencing an intention to occupy said 200 acres as a homestead and that there was no disclosure of such a claim when Bob contracted to sell to Junior. The court properly concluded that Bob's homestead claim rested upon proof of an undisclosed intention to, at some indefinite time in the future, make said 200 acres the home of his family.

We approve the controlling findings and think the court correctly held that Junior was entitled to specific performance. Appellants' points are overruled. The judgment is affirmed.