J.R. NAIL

v.

**BRAZORIA COUNTY DRAINAGE DISTRICT NO. 4, Dan Keller, Jeffrey Brennan, and Roger Davis**

Civil Action No. G–97–334.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 29, 1998.

Order Denying Reconsideration
March 19, 1998.

Matt Evan Rubin, Williams Birnberg & Andersen, Houston, TX, for Plaintiff.

Richard A Morris, Feldman and Rogers, Houston, TX, for Defendants.

### ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

In this action, Plaintiff J.R. Nail brings claims against Brazoria County Drainage District No. 4 and its Commissioners, asserting a claim under 28 U.S.C. § 1983 for deprivation of his due process rights, and a state law breach of contract claim. Now before the Court is Defendants' Motion for Summary Judgment, filed December 15, 1997. For the reasons stated below, the Motion for Summary Judgment is **GRANTED.**

At the outset, the Court notes that as of the date of this Order, Plaintiff has failed to respond to the Motion for Summary Judgment. Pursuant to Local Rule 6(D), a response was due January 5, 1998. Therefore, in accordance with Local Rule 6(E), the Court treats the Motion for Summary Judgment as unopposed. In an abundance of caution, however, the Court will nevertheless address the Motion for Summary Judgment on its merits.

### I.  FACTUAL BACKGROUND

On July 11, 1994, Plaintiff J.R. Nail was appointed as General Manager of Brazoria County Drainage District No. 4 (the "District"). In applying for the position, Nail signed a form stating that he understood the position to be for no fixed time, and that he could be removed with cause or notice by the District. Nail served as General Manager of the District for eleven months. During that time, the Commissioners became increasingly displeased with his performance, and set goals for him which he failed to achieve. On June 12, 1995, the Commissioners met and decided to replace Nail as General Manager, and to offer him severance pay in exchange for his resignation.

Also on that day, Nail accepted an offer from the Commissioners whereby the District would pay him $5,000 for the month of July as a "consultant," and would retain the right to renew the agreement for August and September at $5,000 per month. In affida-vits, the Commissioners aver that all parties involved understood that Nail's acceptance of the "consulting" position was a voluntary resignation, and that Nail would not actually be required to provide any consulting services to the District.

This arrangement was memorialized in a "Settlement Agreement and Release" (the "Release") which Nail signed on August 28, 1995. In the Release, Nail agreed "to release the District from any and all claims, demands, and causes of action, of whatsoever nature or character, which may have been or may hereafter be asserted by any person, firm, or corporation whomsoever." Notwithstanding this Release, Plaintiff filed the instant action on June 10, 1997.

### II.  ANALYSIS

#### A.  *Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

#### B.  *Controverting Evidence*

As noted previously, Plaintiff failed to respond to Defendants' Motion for Summary Judgment. Rule 6 of the Local Rules allows the Court to treat as unopposed mo-

tions without a timely response. *See* Local Rule 6(E) ("Failure to respond will be taken as a representation of no opposition."). Moreover, although the Court normally views summary judgment evidence in a light most favorable to the nonmovant, where there is no controverting evidence in the record, summary judgment is proper, provided the evidence submitted by the movant establishes one or more factual elements sufficient to negate the nonmovant's claims as a matter of law. *See Nash v. Electrospace System, Inc.,* 9 F.3d 401, 402 (5th Cir.1993); *Eversley v. MBank Dallas,* 843 F.2d 172, 173–74 (5th Cir.1988) (noting that when the nonmovant submits no summary judgment response, the factual allegations of the movant are properly taken as true). Although it is *per se* reversible error to grant a summary judgment motion simply because the nonmovant fails to respond, *see John v. Louisiana Bd. of Trustees for State Colleges & Universities,* 757 F.2d 698, 707–08 (5th Cir.1985), the Court is entitled to decide the merits of this case solely on Defendants' Motion and competent supporting evidence because Plaintiff has proffered no controverting evidence.

## C. *Effect of the Release*

■ In his Original Complaint, Nail claims that the actions of the District and the Commissioners deprived him of due process because he allegedly was not given any information regarding deficiencies in his performance, nor was he given notice "as required by the personnel policy and procedures manual." Plaintiff cites the employee personnel policies and procedures handbook which provides that employees may be dismissed only "for just cause, after careful and factual consideration," only for substandard performance or misconduct, and only after being given the reason(s) for dismissal and two weeks' notice. Defendant argues, however, that not only did Nail agree to terms separate from those applicable to the other District employees when he applied for the position of General Manager, but he also effectively surrendered any and all legal claims he might have had against the District when he executed the Release.

■ The Fifth Circuit adheres to the conviction that "[p]ublic policy favors voluntary settlement of claims and enforcement of releases." *Williams v. Phillips Petroleum Co.,* 23 F.3d 930, 935 (5th Cir.1994). The release of federal claims is governed by federal law. *See id.* (applying federal law to validity of release of claims under Worker Adjustment and Retraining Notification Act); (citing *O'Hare v. Global Natural Resources, Inc.,* 898 F.2d 1015, 1017 (5th Cir.1990) (Age Discrimination in Employment Act claims); *Rogers v. General Elec. Co.,* 781 F.2d 452, 454 (5th Cir.1986) (claims under Title VII of the Civil Rights Act of 1964)). Therefore, the alleged release of Plaintiff's due process claims is analyzed under federal law.

■ In federal court, once the movant produces sufficient evidence to establish that the action is barred by a release that addresses the claims at issue and that there was adequate consideration, the nonmovant has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense. *Williams,* 23 F.3d at 935. Here, Defendants have provided the Court with a copy of the Release which covers the claims at issue, signed by J.R. Nail and the individual Defendants, and executed on August 28, 1995. Furthermore, they have presented competent summary judgment evidence establishing that Nail received consideration for signing the release in the amount of at least $7,500. Plaintiff has offered no evidence to dispute the adequacy of consideration or validity of the Release. Therefore, Plaintiff has effectively released any and all federal claims he has against Defendants.[1] Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's due process claims is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE** as to all Defendants.

---

1. Contemplating opposition, Defendants have briefed the issue of whether the Release applies to the individual Commissioners as well as the District. The Release explicitly applies to actions by "the District or any of its Commissioners," and was signed by each Defendant as well as the Plaintiff. Therefore, the Court finds as a matter of law that the Release is valid as to the Commissioners as well as to the District.

The Release also effectively bars any state law claims Plaintiff has alleged against Defendants. In Texas, a release "operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and is an absolute bar to any right of action on the released matter." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex.1993) (citation omitted). A release is effective only insofar as it "mentions" the claims to be released. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Insurance Co. of North America*, 955 S.W.2d 120, 128 (Tex.App.— Hous. 14th Dist.1997). Here; Plaintiff has released "any and all claims or demands of any kind, whatsoever, which Nail now has or might have had, now existing, arising out of any matter or event occurring contemporaneously with or subsequent to Nail's inception of employment with the District." The claims Nail asserts in this action clearly arise out of events related to his employment as General Manager of the District, and the Release clearly covers his claims. Therefore, under Texas law, Nail has also released any state law claims he might have against Defendants. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's state law breach of contract claims is hereby **GRANTED,** and those claims are **DISMISSED WITH PREJUDICE** as to all Defendants.[2]

## III. CONCLUSION

Accordingly, for the reasons stated above, Defendants' Motion for Summary Judgment is hereby **GRANTED,** and each and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Court's Order entered this date, Defendants' Motion for Summary Judgment is hereby **GRANTED,** and each and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**

### *ORDER DENYING RECONSIDERATION*

In this action, Plaintiff J.R. Nail brings claims against Brazoria County Drainage District No. 4 and its Commissioners, asserting a claim under 28 U.S.C. § 1983 for deprivation of his due process rights, and a state law breach of contract claim. Summary Judgment was granted for Defendants on January 29, 1998. The factual background of this case was set forth in the Court's Order granting Summary Judgment, and is incorporated herein by reference. In that Order, the Court noted that Plaintiff failed to respond to the Motion for Summary Judgment. However, the Court expressly stated that its summary judgment consideration would nevertheless address the merits of the Defendants' arguments. The Court then granted summary judgment, based on the Plaintiff's execution of a valid release that served to extinguish any rights or claims he might have had against the District or its Commissioners (the "Release"). Now before the Court is Plaintiff's Motion for Reconsideration, filed February 11, 1998. For the reasons stated below, the Motion for Reconsideration is **DENIED.** Plaintiffs' claims are, and remain, **DISMISSED WITH PREJUDICE.**

### I. STANDARD FOR RECONSIDERATION

Reconsideration of an order granting summary judgment is appropriate when: (1) the court is presented with newly-discovered evidence; (2) the court committed clear error; (3) there is an intervening change in controlling law; or (4) other highly unusual circumstances exist. *See School Dist. No.*

---

**2.** Because the Court has found that the Plaintiff's execution of the Release bars his claims in this case, the Court need not address the merits of the alternative arguments advanced by Defendants in support of summary judgment. However-

er, the Court notes that, based upon a review of Defendants' arguments, it would likely find that Plaintiff has no valid claims as a matter of law, regardless of the effect of the Release.

*1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Becerra v. Asher*, 921 F.Supp. 1538, 1548 (S.D.Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir.1997). A district court's reconsideration of a grant of summary judgment is reviewed on an abuse of discretion standard. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 349 (5th Cir. 1989).

A district court must reconsider a grant of summary judgment in light of the record existing at the time of the motion for reconsideration, not just as it existed at the time of the initial ruling. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1332 (5th Cir.1996); *Xerox*, 888 F.2d at 349. However, evidence that was available at the time of the challenged order, but not timely submitted, does not warrant reconsideration because it does not qualify as "newly-discovered evidence." *See Becerra*, 921 F.Supp. at 1548. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *ACandS*, 5 F.3d at 1263; *see also Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991) (affirming trial court's conclusion that "the unexcused failure to present evidence which is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider."); *Waltman v. International Paper Co.*, 875 F.2d 468, 473–74 (5th Cir.1989) (denying as untimely the submission of evidence that was available at the time of the summary judgment proceedings but not submitted).

## II. PLAINTIFF'S GROUNDS FOR RECONSIDERATION

Plaintiff argues for reconsideration of the Court's Order Granting Summary Judgment on four grounds: (1) Plaintiff's failure to respond to Defendants' Motion was "the direct result of the [D]efendants' failure to make timely production" of certain personnel records and transcripts; (2) Defendants expressly agreed to extend the submission date for Plaintiff's response; (3) Defendants' counsel delayed in submitting a written stipulation extending the submission date; and

(4) material issues of fact exist regarding the validity of the Release and settlement and the other grounds advanced for summary judgment.

### A. Defendants' Alleged Failures Do Not Absolve Plaintiff of Responsibility to Respond or Request an Extension Under Rule 56(f)

The first three grounds advanced for reconsideration are utterly lacking in merit, and can easily be dispensed with. Basically, Plaintiff engages in a game of finger-pointing. Plaintiff's first allegation, that he could not respond because the Defendants failed to comply with discovery deadlines, is completely without merit. One of the hallmarks of this Court's tenure is its willingness to help with discovery disputes at a moment's notice. This Court has prided itself on being available to resolve disputes quickly with phone calls or emergency hearings, and has done so on numerous occasions. The Court has even published opinions expressing its availability and willingness to expeditiously handle discovery disputes. *See Pena v. Houston Lighting & Power Co.*, 978 F.Supp. 694, 699 n. 1 (S.D.Tex.1997). There is no indication in the record that Plaintiff ever attempted to enlist the Court's aid in resolving any discovery disputes in a timely manner, so as to effectively respond to the Motion. Nevertheless, Plaintiff now claims that the discovery disputes in this case were so insurmountable that they impeded his timely response to Defendants' Motion.

Furthermore, even if the disputes could not have been resolved soon enough to respond to Defendants' Motion, Plaintiff was required to file a Rule 56(f) Motion for Continuance to obtain additional time to prepare his Response to Defendants' Motion. *See* FED.R.CIV.P. 56(f); *Exxon Corp. v. Crosby–Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir.1995). If indeed such discovery disputes prevented his response, for Plaintiff's counsel to do nothing at all to resolve them is a dumbfounding abdication of his responsibility under the Rules. This meager attempt to blame Defendants is unjustified, and clearly insufficient to warrant reconsideration.

In his next two, equally absurd, allegations, Plaintiff asserts that Defendants are responsible for Plaintiff's failure to respond because they agreed to a delay of the submission date, but failed to timely submit a written stipulation to that effect. Again, Plaintiff completely refuses to take responsibility for his own ineptitude in prosecuting this case. The onus for obtaining an extension of any of the deadlines imposed by the Court or by the Federal Rules of Civil Procedure lies on the party seeking the extension, not on his opponent. For Plaintiff to suggest otherwise is absolutely absurd.

The Court need not point out the irony in Plaintiff's suggestion that, somehow, Defendant's assent to a delay in the submission date is one of the grounds upon which this Court should reconsider the judgment. If anything, Defendants' agreeable disposition serves to reinforce the Court's opinion that Plaintiff has carelessly managed this meritless action. If Plaintiff had timely filed an unopposed motion to extend the submission date for his response, it would have been granted without delay. Instead, Plaintiff acted obtuse and irresponsible, and now recalcitrantly points the blame for his own incompetence at Defendants. Besides being legally meritless, Plaintiff's arguments are totally inappropriate.[1]

### B. *Plaintiff Cannot Establish Any Genuine Issues of Material Fact That Would Warrant Reconsideration of Summary Judgment*

Finally, Plaintiff argues that genuine issues of material fact exist which would have precluded summary judgment, and require the Court's reconsideration. First, Plaintiff contends that the Release upon which the Court's judgment was predicated is invalid for want of consideration. In Plaintiff's words, because Defendants "induced [him] to refrain from filing a timely response," he was not able to present summary judgment evidence controverting the validity of the Release. Plaintiff now presents his own controverting affidavit to show that the $7,500 he was paid after signing the Release was not consideration because it was a pre-existing debt. Nail contends that he and the Commissioners agreed that he would be retained as a consultant for three months at the amount of $5,000 per month. The Commissioners' affidavits state, on the other hand, that the $5,000 per month was renewable on a monthly basis, in which case Nail's acceptance of the $7,500 would constitute consideration.

Plaintiff's arguments and proof fail to show the existence of a genuine issue of material fact. As discussed previously, evidence that was available at the time of the summary judgment motion, but not timely submitted, is not "newly-available" evidence warranting reconsideration. *See ACandS,* 5 F.3d at 1263. The only competent evidence attached to Plaintiff's Motion for Continuance relating to the validity of the Release is Plaintiff's affidavit. Clearly, the information contained in the affidavit has been available since the inception of the suit. It was certainly available at the time of the Defendants' Motion. Therefore, it is an insufficient basis for reconsideration.

Moreover, even accepting Nail's affidavit as true, it does not affect the adequacy of consideration in this case. It merely shows that there was a dispute as to whether Nail was promised $5,000 per month for three months, as he contends, or the salary was renewable monthly, as the Commissioners contend. Texas courts have long held that "[t]he compromise of a doubtful right is sufficient consideration for such an agreement and, in the absence of proof of fraud, it should be enforced." *Glover v. Glover,* 416 S.W.2d 500, 503 (Tex.Civ.App.—Eastland

---

1. In fact, it appears that Plaintiff's counsel knew that it was *his* responsibility, and not Defendants', to secure an extension of the summary judgment submission date. Plaintiff's counsel wrote a letter to Defendants' counsel on January 28, 1998, the day before the Court's Order, in which he thanked Defendants' counsel for his willingness to extend the submission date, and enclosed a "Stipulation Extending Submission of Defendants' Motion for Summary Judgment," for Defendants' counsel to sign. Plaintiff's counsel further stated "I would like to get this filed with the clerk's office in the next couple of days." There is no indication in the letter that Plaintiff's counsel felt that Defendants caused delay in securing an extension, or in complying with discovery requests. This was apparently the first effort by Plaintiff to obtain an extension.

1967, writ ref'd n.r.e.); *see In re Swift,* 198 B.R. 927, 940 (W.D.Tex.1996); *Burgamy v. Davis,* 313 S.W.2d 365, 367 (Tex.Civ.App.— Fort Worth 1958, no writ); *Iden v. Ackerman,* 280 S.W.2d 643, 646 (Tex.Civ.App.— Eastland 1955, writ ref'd). In this case, the Commissioners have averred that the payments were conditional, and Nail has stated that they were not. By signing the Release and collecting the remainder of his money, Nail settled any dispute he had as to the nature of his employment relationship with the Drainage District. Therefore, even if Plaintiff had timely submitted the affidavits and other evidence he now presents, they would not create a genuine issue of material fact for summary judgment purposes. Any issue of material fact as to the consulting arrangement between Plaintiff and the Drainage District was resolved, along with Plaintiff's other disputes, when Plaintiff signed the Release.

Plaintiff also contends that the Release does not extend to the individual Commissioners. In its Order Granting Summary Judgment, the Court expressly found that the Release is broad enough to apply to the Commissioners as well as the District. Plaintiff does not present any new evidence which would alter this finding.

Finally, Plaintiff alleges that the Release is void because it was executed under economic duress. There is no evidence of duress in the record. Once again, the affidavits submitted by Nail with the Motion for Reconsideration do not qualify as newly discovered evidence which would warrant reconsideration; furthermore, the affidavits themselves do not, as a matter of law, establish the required elements of duress. The facts alleged here do not even approach the level of conduct required to prove economic duress under Texas law. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.1995) (duress requires proof of "illegal exaction or fraudulent deception," imminent restraint "such as to destroy a person's free will," and that the financial distress was caused by the party accused of duress).

## III. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Reconsideration is hereby **DENIED,** and each and all of Plaintiff's claims remain **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. It is also **ORDERED** that the parties file nothing further in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

March 17, 1998.