# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

**No. 98-40516**
**Summary Calendar**

---

**J.R. NAIL,**

**Plaintiff-Appellant,**

**VERSUS**

**BRAZORIA COUNTY DRAINAGE DISTRICT NO. 4;**
**DAN KELLER; JEFFREY BRENNAN; ROGER DAVIS,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-334)

---

March 10, 1999

Before REYNALDO G. GARZA, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

### I. Factual and Procedural Background

On July 11, 1994, J.R. Nail ("Nail") was appointed General Manager of Brazoria County Drainage District No. 4 ("BCDD"). In applying for the position, Nail signed a form stating that he understood that the position was not for a fixed time, and that he could be removed for cause or upon notification by BCDD. Nail served as General Manager of the BCCD for eleven months. During that time, the Commissioners became increasingly displeased with his

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

performance. On June 12, 1995, the Commissioners convened and determined that Nail should be replaced as General Manager. They decided to offer Nail severance pay in exchange for his resignation.

On June 12, 1995 Nail accepted the offer from the Commissioners. The BCDD agreed to pay him $5,000 for the month of July as a "consultant." Nail also retained the right to renew the agreement for August and September. The Commissioners asserted in their affidavits that all of the parties involved understood that Nail's acceptance of the "consulting" position was a voluntary resignation, and that Nail would not actually be required to provide any consulting services to the BCDD.

This arrangement was memorialized in a "Settlement Agreement and Release" ("Release"). On August 28, 1995, Nail signed the Release. He agreed "to release the District from any and all claims, demands, and causes of action, of whatsoever nature or character, which may have been or may hereafter be asserted by any person, firm, or corporation whomsoever." Notwithstanding the Release, Nail brought an action against BCDD and its Commissioners (collectively, "the District") in the United States District Court for the Southern District of Texas. Nail asserted a claim under 28 U.S.C. § 1983, for deprivation of his due process rights, and a breach of contract claim under state law.

On December 15, 1997, the District filed a Motion for Summary Judgment. Nail did not file a timely response to the District's motion. On January 29, 1998, the district court issued a Final Judgment and an Order Granting Summary Judgment to the District on the grounds that Nail executed a valid release of all his claims against the District.

On February 11, 1998, Nail filed a Motion for Reconsideration asserting that the District and its counsel were to blame for Nail's failure to respond to the District's Motion for Summary Judgment. The district court denied Nail's motion and noted that it was "absurd" and "utterly lacking merit." This appeal followed.

2

## *II. Discussion*

There are two issues that are presented: (1) whether the district court erred in granting summary judgment in favor of the District; and (2) whether the district court abused its discretion in denying Nail's Motion for Reconsideration. We have read the briefs and the record and find that the court below did not err in granting summary judgement for the defendants and in ruling on the motion to reconsider. We attach hereto as Appendix A and B the decision of the district court and the order denying the motion for reconsideration. We adhere to the findings therein and affirm the district court.

## *III.  Conclusion*

Accordingly, the district court's decision is hereby AFFIRMED.